IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STARO ASSET MANAGEMENT LLC,

        Plaintiff(s),                            07cv0835

                                                             **ELECTRONICALLY FILED**

    v.

JOHN A. PIAZZA doing business as
GREYFOX SERVICES, GREYFOX
SERVICES, INC., GREYFOX UTILITY
SERVICES, LLC, ZERO ONE
COMMUNICATIONS, INC. doing business as
GREYFOX SERVICES, GREYFOX
SERVICES, LLC,

        Defendant(s).

## ORDER OF COURT

Defendants have filed a motion to dismiss or strike (doc. no. 14) plaintiff Staro Asset Management LLC's complaint for failure to state a claim and for failure to join a necessary party, pursuant to Fed.R.Civ.P. 12(b)(6), (7) and 19, respectively. After careful consideration of said motion and plaintiff's response thereto, and the briefs in support and in opposition, the Court will deny the motion without prejudice.

**Rule 12(b)(6).**  In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v.*

1

*Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources,* 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)(6) motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

**Rule 12(b)(7)/ Rule 19.**   Failure to join a necessary and/or indispensable party under Rule 19 is properly raised in a Rule 12(b)(7) motion. Fed.R.Civ.P. 19 provides in pertinent part:

>    **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, <u>or</u> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest <u>or</u> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .
>
>    **(b) Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19.

   As is set forth explicitly in the rule, the Court does not reach the "indispensable party" analysis of Rule 19(b) unless and until the Court determines that a missing defendant is a "necessary party" under Rule 19(a) whose joinder is not feasible because it would destroy jurisdiction. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 402 (3d Cir. 1993). Rule 19(a) is stated in the disjunctive: a non-joined person should be deemed a necessary party if any one of three situations exist: (1) in the person's absence complete relief cannot be accorded among those already parties (Rule 19(a)(1)); (2) the missing person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the

3

person's absence may . . . as a practical matter impair or impede the person's ability to protect that interest." (Rule 19(a)(2)(i)); or, (3) the missing person "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Rule 19(a)(2)(ii).

If any of these three situations are found, the missing party will be deemed necessary to the litigation; if joinder of such a necessary party is not feasible, the Court should proceed to the indispensable party determination of subsection (b).

If a person is deemed a necessary party under Rule 19(a), the Court must then determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b)(2). This determination is made by considering the four non-exclusive factors built into subsection (b), which is not to be a rote or arithmetic exercise but, rather, is intended to be a pragmatic, case-by-case consideration of the factors and the practical effects of a decision to proceed without the necessary party or to dismiss. See e.g., *Provident Tradesmen's Bank & Trust*, 390 U.S. 102, 118-19 (1968) ("Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation. . . . The decision whether to dismiss (i.e., the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests."); *Dixson v. Murphy*, 202 Fed.Appx. 578, 581 (the Rule 19(b) list of four factors "is not an exhaustive list of factors that can be considered,

but they are the most important factors."), citing *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640-41 (3d cir. 1998); *Angst v. Royal MacCabees Life Ins. Co.*, 77 F.3d 701, 706 (3d Cir. 1996) ("The Rule lists four factors to be considered but does not accord a particular weight to any of them. 'This must be determined . . . in terms of the facts of a given case and in light of the equity- and- good- conscience test.'" citation omitted).

Viewed in light of the forgoing liberal pleading standards, for purposes of a Rule 12(b)(6) motion this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of its complaint raising state common law claims for unjust enrichment and conversion based on an assignment of claims, and seeking an accounting and a constructive trust, and plaintiff's complaint is very well plead with sufficient facts to support those claims.

As to defendants' argument that the Assignor, Mr. George Ezykowsky, is an indispensable party, the Court agrees with plaintiff that he does not even appear to be a necessary party under Rule 19(a), let alone an indispensable one for purposes of Rule 19(b). Defendants have not convinced this Court that in Mr. Ezykowsky's absence, complete relief could not be accorded among those already parties, that he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . as a practical matter impair or impede" his ability to protect that interest, or that he "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." The Court will therefore deny defendants' indispensable party motion to dismiss, but

if discovery lends support for defendants' position, they will have an opportunity to present this defense by way of a motion for summary judgment.

Accordingly,

**AND NOW, this 2nd day of August, 2007,** after due consideration of defendant's motion to dismiss or to strike the complaint (doc. no. 14), plaintiff's response thereto, and the memoranda of law in support and in opposition thereto,

**IT IS HEREBY ORDERED** that said motion to dismiss or to strike (doc. no. 14) **IS DENIED** without prejudice to defendants' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

                                               s/ Arthur J. Schwab
                                               Arthur J. Schwab
                                               United States District Judge

cc:     All Registered  ECF Counsel